# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **SERGE MARK OPO** | * | **CIVIL ACTION NO. 05-2080** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment (Doc. #12) filed by the Government. For the reasons stated below, it is recommended that the motion be **DENIED.**

## BACKGROUND

On December 1, 2005, Petitioner, Serge Mark Opo ("Opo") filed a Writ of *Habeas Corpus* (28 U.S.C. §2241) in this Court claiming that his continued detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Tensas Parish Detention Center, Waterproof, Louisiana and has been detained in various jails across the country since September 12, 2004.

Opo claims[1] to be a native and citizen of the Republic of Rwanda. On September 12, 2004, Opo arrived in Charleston, South Carolina as a stowaway aboard the M/V Industrial Challenger. Pursuant to 8 U.S.C. § 1231(d), the owner, agent, or master of a vessel can be ordered to remove a stowaway. On September 15, 2004, Mr. Sean D. Houseal, an attorney for

---

[1] ICE has been unable to verify Opo's identity and the Rwandan Embassy has advised ICE that they are unable to issue a travel document because Opo is not able to prove his is a citizen of Rwanda.

the owners of the vessel, sent the U.S. Customs and Border Protection a letter stating that "we will secure appropriate travel documents and book travel arrangements for [Opo's] deportation. Upon completion of securing travel documents, we will notify CBP of the particular travel arrangements."

While detained, Opo requested asylum; however, Opo's asylum request was either withdrawn or denied, and on May 18, 2005, a Warrant of Removal was issued for his removal. In November 2005, Opo's custody was reviewed and continued detention was recommended. In the response to Opo's *Writ of Habeas Corpus*, the Government stated that "the vessel owner is working on obtaining a travel document from the South African Government. As such, ICE determined that the receipt of a travel document and acceptance by the South African Government was foreseeable in the near future." (Doc. #8-3 pg.2-3).

The Government has filed the current motion claiming that Opo's removal is likely in the reasonably foreseeable future and requesting that Opo's petition be dismissed.

**LAW AND ANALYSIS**

<u>Summary Judgment Standard</u>

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" under this standard if the non-moving party has presented sufficient evidence that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or

affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Ultimately, however, the court must resolve all doubts against the moving party and draw any reasonable inferences raised by the evidence in favor of the non-moving party. *See Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 1999).

*Zadvydas*

In *Zadvydas*[2], the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

---

[2]In *Clark v. Martinez*, 543 U.S. 371 (2005), the United States Supreme court extended its holding in *Zadvydas* to inadmissible aliens.

However, the lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. "Once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

The Government argues that summary judgement should be granted and Opo's petition be dismissed because a travel document for Opo was issued by the Republic of the Ivory Coast on February 7, 2006, and that therefore Opo will be removed in the near future.

Opo has been convicted of no crime and has been incarcerated since September 12, 2004. Furthermore, Opo has been detained for over a year since his final order of removal. Finally, despite the issuance of a travel document in February of this year, more than four months ago, Opo apparently still has not been removed.

Thus, given the length of time Opo has been held since his final order of removal was issued and given the delays which are apparently ongoing even since the issuance of a travel document, the evidence is insufficient to show that Opo's removal in the reasonably foreseeabler future is likely. Therefore, **IT IS RECOMMENDED** that the Government's Motion for Summary Judgment (Doc. #12) be **DENIED**. **IT IS FURTHER RECOMMENDED** that Opo be released from custody on reasonable restrictions pending removal.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 20th day of June, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE